IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EDISON SCHOOLS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-1110-CV-W-ODS |
| ) | |
| WESTPORT COMMUNITY ) | |
| SECONDARY SCHOOLS, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO
LIFT STAY AND ENFORCE ARBITRATION AWARD

Pending is Plaintiff's Motion to Lift Stay and Confirm Arbitration Award (Doc. #34). For the following reasons, the Motion is granted.

I. BACKGROUND

Plaintiff Edison Schools, Inc., ("Edison") provides educational and management services to public charter schools and school districts throughout the nation. In 1999, the Kansas City, Missouri School District ("KCMSD") granted Defendant Westport Community Secondary Schools, Inc., ("Westport") a charter to operate a public charter school. On July 27, 1999, Westport contracted with Edison to manage the public charter school. The Operating Agreement between Edison and Westport provided that Edison would manage the charter school, and Westport would pay Edison all state aid received from the school district less Westport's reasonable expenses. The Operating Agreement contained the following paragraph:

> 19.1 <u>Alternate Dispute Resolution</u>.  The parties agree to cooperate in good faith in all actions relating to this Agreement and the Charter Contract, to communicate openly and honestly, and generally attempt to avoid disputes in connection with this Agreement and Charter Contract. If, nevertheless, a dispute should arise in connection with this Agreement and the Charter Contract, the parties agree to use their best efforts to resolve such dispute in a fair and equitable manner and without the need

>for expensive and time-consuming litigation. In the event any dispute
>arises between the Board and Edison concerning this Agreement or the
>Charter Contract, it shall be resolved in accordance with the alternate
>dispute resolution procedure that is set forth in Appendix G hereto.

Paragraph D of Appendix G states that if the matter is not resolved between the parties, "then the matter shall be submitted to final and binding arbitration. . . ." Paragraph F further states that the parties agree to follow the Commercial Arbitration Rules of the American Arbitration Association ("AAA").

Pursuant to the agreement, Edison began operating the charter school; however, Westport allegedly failed to remit payments owed to Edison. After a meeting between the parties in November 2002, Westport informed Edison that it had withheld payment due to allegations that the charter school's attendance hours had been inaccurately reported, causing Westport to receive an overpayment of state aid. Because the attendance issue went unresolved, the parties executed an Attendance Audit Agreement and an Escrow Agreement on April 22, 2003. The Attendance Audit Agreement contained an arbitration clause, which stated that the parties agreed to submit to binding arbitration if there was a dispute concerning the findings and conclusions of the audit. The Escrow Agreement did not contain an arbitration clause.

Pursuant to the Operating Agreement, Edison filed a Demand for Arbitration and an Amended Demand for Arbitration that sought recovery of the funds allegedly owed to Edison. On December 28, 2003, Edison filed the above-captioned matter, alleging that Westport had breached the Escrow Agreement by failing to remit at least $2.4 million received from the school district into the escrow account. On February 2, 2004, Westport filed its Motion to Stay Case Pending Arbitration, arguing that, pursuant to the Operating Agreement, the parties have agreed to arbitrate any dispute that arises from that agreement. The parties did not dispute that a valid agreement to arbitrate exists in the Operating Agreement. However, Edison argued that the above-captioned matter evolved from the Escrow Agreement, which does not contain an arbitration clause and, therefore, the matter was not subject to arbitration. On March 15, 2004, the Court entered an order staying court proceedings in the above-captioned matter, determining

2

Case 4:03-cv-01110-ODS   Document 42   Filed 04/25/06   Page 2 of 5

the arbitration clause in the Operating Agreement is broad enough to include all disputes arising from the contract between Edison and Westport.

On April 2, 2004, the AAA selected three arbitrators to hear the dispute. Between February and November 2005, the parties participated in a 16-day arbitration proceeding in Kansas City, Missouri. On December 21, 2005, the arbitrators unanimously entered their award. Plaintiff filed this motion to lift the stay and enforce the arbitration award. Defendant objects, alleging the arbitrators rendered an award that exceeded the scope of the matters that had been submitted to them for arbitration.

## II. DISCUSSION

The arbitration clause in the Operating Agreement is quite broad; it states that <u>any</u> dispute that arises between Westport and Edison concerning the Operating Agreement or Charter Agreement shall be resolved through arbitration. It makes no difference that a subsequent contract, which actually pertains to one of the details in the Operating Agreement, does not contain an arbitration clause. Defendant does not argue the arbitration itself was inappropriate. Defendant claims the arbitration should have been limited only to the alleged breach of contract concerning the money paid in escrow in connection with an audit of student attendance.

Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;
(2) The was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(3) The arbitrators exceeded their powers;
(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 435.370, as to prejudice substantially the rights of a party; or
(5) There was no arbitration agreement and the issue was not adversely determined in the proceedings under section 435.355 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

3

Cornerstone Propane, L.P. v. Precision Investments, L.L.C., 126 S.W.3d 419, 424-425 (Mo. App. 2004). Defendant alleges the arbitrators were without jurisdiction to render the portion of their award dealing with monies KCMSD may have received. Neither a mistake of law nor a mistake of fact provides sufficient reason to vacate an arbitration award. Id. at 425. An award may be vacated if it "evidences manifest disregard for law." However, it is well established that this doctrine is extremely narrow. St. John's Mercy Medical Center v. Delfino, 414 F.3d 882, 884 (8th Cir. 2005).

In it's Motion to Stay, Defendant stated "there can be no doubt in this case that the arbitration agreements agreed upon between the parties are broad. . . The 'Agreement' specifically states that 'any dispute' concerning the Agreement is subject to arbitration." Defendant further stated Plaintiff was making claims for contract monies owed for the 2000-2001, 2001-2002, 2002-2003 and the 2003-2004 school year. It now appears that since the arbitration award was unfavorable, Defendant has changed its position.

As stated in this Court's March 15, 2004 Order staying the proceedings, the arbitration clause in the operating is broad enough to include all disputes arising from the contract between Edison and Westport. Based upon the Agreement and the parties' briefs, the arbitrators decided Plaintiff's claims for money owed during the 2000-2001, 2001-2002, 2002-2003, and 2003-2004 school years. Plaintiff's claims arose under the Operating Agreement and the arbitration panel was authorized to resolve all disputes arising under the contract. The Court finds no basis to vacate the decision.

4

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Lift Stay and for Confirmation of Arbitration Award is granted.

IT IS SO ORDERED.

DATE: April 25, 2006                /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH, JUDGE
                                                    UNITED STATES DISTRICT COURT